FILED

2010 Jul-01  PM 02:18
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| **MICHAEL R. HINDMAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NUMBER:** |
| | ) | **1:10-cv-00110-KOB** |
| **ALLSTATE FINANCIAL SERVICES,** | ) | |
| **LLC, and MARLIN McCAULEY,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### MEMORANDUM OPINION

This matter is before the court on "Defendants' Motion to Dismiss, Motion for More Definite Statement, and Brief in Support" (doc. 4). This motion has been fully briefed. Defendants argue that Counts Two through Eight of Plaintiff's Complaint fail to state a claim upon which relief can be granted and that Defendant is entitled to a more definite statement on Count One. For the reasons stated in this Memorandum Opinion, the court finds that the motion to dismiss is due to be GRANTED in part and DENIED in part, and the motion for more definite statement as to Count One is due to be GRANTED.

### I. PROCEDURAL HISTORY

Plaintiff, Michael R. Hindman, filed his eight count Complaint against defendant Allstate Financial Services, LLC, and Marlin McCauley, its executive, in the Circuit Court of Calhoun County, Alabama. (doc. 1-3). That Complaint contains the following counts: Count One - Breach of Contract asserted against Allstate; Count Two - Fraud asserted against Allstate; Count

1

Three - Negligent Training/Supervision asserted against Allstate; Count Four - Negligence in

prematurely submitting the U-4 transfer form, asserted against Allstate; Count Five - Intentional

Interference with Contractual Relations, asserted against Allstate; Count Six - Fraud asserted

against McCauley; Count Seven - Negligence in prematurely submitting the U4 transfer form,

asserted against McCauley; and Count Eight - Intentional Interference with Contractual

Relations, asserted against McCauley.  Defendants filed a combined motion to dismiss Counts

Two through Eight and  motion for more definite statement regarding Count One.  The combined

motion attached a supporting declaration with a copy of the Form U4, a uniform application for

securities industry registration of transfer, that Mr. Hindman filled out.

Plaintiff's response to the motion stated that the contract he referred to in Count One was

an oral contract, not a written contract, and was not based upon the Form U4; however, he did

not move to strike or otherwise object to Defendants' attachment of the Form U4.  Defendant

replied, and the combined motion is now under submission.

## II.  FACTS

The Complaint contains the following facts, which the court accepts as true for the

purposes of this motion.

Plaintiff Hindman was working as a financial advisor for Wachovia Securities when he

contacted Defendant Marlin McCauley, a Financial Services Consultant for Defendant Allstate

Financial Services LLC, to discuss Hindman's becoming an Exclusive Financial Specialist

("EFS") for Allstate.  McCauley advised Hindman that an EFS works with Exclusive Agents of

Allstate, and that the EFS must serve a high number of households to earn the "EFS"

designation.  McCauley told Hindman that Allstate needed an ESF in Alabama; that the EFS

2

position would be lucrative for Hindman; that he would work out of his hometown of

Jacksonville, Alabama with Exclusive Agent Gay Blackwell; and that he would be guaranteed an

EFS job as long as he passed a background check, attended EFS training classes in Chicago, and

attended follow-up classes in Atlanta.  At McCauley's suggestion, Hindman audited an Allstate

EFS Education class in Chicago, Illinois from December 10-14, 2007, but all parties understood

that Hindman was auditing the class only to learn more about the position, that he had not yet

accepted employment with Allstate, and that the earliest time he could do so would be January

2008.

To audit the class, McCauley told Hindman that he must fill out employment paperwork

and submit to a background check.  Therefore, Hindman filled out some lines of an employment

contract with Allstate, but claims he neither signed nor dated it.  He filled out, at least in part, a

Uniform Application for Securities Registry Registration of Transfer, called a Form U4, and

signed the form dated 12/3/07.  Above Hindman's signature on the Form U4 are the following

statements:

> 1.  I swear or affirm that I have read and understand the items and
> instructions on this form. . . .
> 8.  I authorize all my employers and any other person to furnish to any
> jurisdiction, SRO [a self-regulatory organization], designated entity,
> employer, prospective employer, or any agent acting on its behalf, any
> information they have, including without limitation my creditworthiness,
> character, ability, business activities, educational background, general
> reputation, history of my employment and, in the case of former employers,
> complete reasons for my termination.
> 10.  I authorize any employer or prospective employer to file electronically on
> my behalf any information required in this form or any amendment thereto; I
> certify that I have reviewed and approved the information to be submitted to
> any jurisdiction or SRO on this Form U4 Application; I agree that I will
> review and approve all disclosure information that will be filed electronically
> on my behalf. . . .

3

(doc. 4-2, at 15).   Although Hindman signed the Form U4, he never completed a separate Allstate-printed permission form for Allstate to contact Wachovia and claims he never gave Allstate personnel permission to process the transfer or to submit the employment verification form.  To the contrary, Hindman told McCauley that he did not want Wachovia to learn that he was contacting other employers for fear of losing his job; that he had important financial and personal reasons for staying at Wachovia until the end of 2007; and that his interests would be damaged if he left Wachovia or if Wachovia terminated him.  McCauley assured him that the paperwork he filled out for auditing the class would not be processed, but that Allstate would hold the paperwork until Hindman asked them to process it.  Further, on more than one occasion, Hindman contacted Felicia Walker, an EFS Establishment Coordinator for Allstate, and confirmed with her that his file was to be held and not processed.

On December 14, 2007, Wachovia employees called Hindman and informed him that Wachovia had received the Form U4 request for a transfer of Hindman's financial licensing registration, and that Hindman must resign immediately.  Wachovia terminated Hindman that same day. After Wachovia terminated him, Hindman learned that the EFS position with Allstae was much less attractive than Allstate had led him to believe; for example, Allstate had no real need for an EFS position in Alabama, much less in his hometown of Jacksonville.  However, Hindman accepted a job with Allstate, because Wachovia had terminated him and he needed a job.

On September 4, 2008, McCauley called Hindman, asking him to sign an employment agreement, which was back-dated to December 14, 2007 and advising him that if he did not sign it, Allstate could attempt to recover the commissions paid to Hindman in 2008.  Hindman refused

4

to sign the agreement, and McCauley threatened that Allstate would take back all income

Hindman had received during his employment with Allstate.  Hindman stopped working for

Allstate in February of 2009.

### III.  STANDARD OF LAW

A Rule 12(b)(6) motion to dismiss attacks the legal sufficiency of the complaint.

Generally, the Federal Rules of Civil Procedure require only that the complaint provide "'a short

and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's

claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957)

(quoting Fed. R. Civ. P. 8(a)).  A plaintiff must provide the grounds of his entitlement, but Rule

8 generally does not require "detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 555 (2007) (quoting *Conley*, 355 U.S. at 47).   It does, however, "demand[ ] more than an

unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal* ___ U.S. ___,

129 S. Ct. 1937, 1949 (2009).   Pleadings that contain nothing more than "a formulaic recitation

of the elements of a cause of action" do not meet Rule 8 standards nor do pleadings suffice that

are based merely upon "labels or conclusions" or "naked assertions" without supporting factual

allegations. *Twombly*, 550 U.S. at 555, 557.   The Supreme Court explained that "[t]o survive a

motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a

claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1948 (quoting and explaining its

decision in *Twombly*, 550 U.S. at 570).

### III.  DISCUSSION

Plaintiff's motion combines a motion to dismiss, which  relates to all counts *except* Count

One, and a motion for more definite statement, which relates *only* to Count One.

**A.  Motion for More Definite Statement - Directed at Count One Asserting Breach of Contract**

Defendant Allstate argues that Count One, entitled Breach of Contract and asserted only against that Defendant, fails to identify the contract at issue or what provisions Allstate supposedly breached, and thus, is so vague that Allstate cannot adequately frame a responsive pleading.  In his response, Hindman affirms that the contract to which Count One refers is his oral contract with Allstate in which Allstate promised to withhold submission of any documents that would notify Wachovia of Hindman's discussions with Allstate, another potential employer. The court agrees with Allstate that an examination of the Complaint itself results in some confusion whether the contract sued upon is an oral contract, as Hindman suggests in his brief, or the written employment contract also referred to in the Complaint (*see* Compl. doc. 1-3,  ¶¶ 20 & 32). Count One does not specify whether the contract breached is oral or written, and it "adopts and re-alleges each and every allegation contained in [the] Complaint" (*see id.*at ¶ 36), including the paragraphs referring to the written employment agreement.  Accordingly, the court finds that Allstate's motion for more definite statement as to Count One is due to be GRANTED.

**B.  Motion to Dismiss Counts Two through Eight**

**1.  Form U-4**

In their motion to dismiss, Defendants rely on a Form U4 that Hindman refers to in his Complaint but which was not attached to the Complaint; Defendants attached it to their combined motion.   The court must first determine whether it can consider the Form U4 as part of the process of ruling on a 12(b) motion to dismiss.

As a general rule, when parties present matters outside the pleadings in support of or in

opposition to a motion to dismiss, the court must either exclude those matters or treat the motion as one for summary judgment.  *See Harper v. Lawrence County, Ala.*, 592 F.3d 1227, 1232 (Ala. 2010).  However, "the court may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) undisputed.  In this context, 'undisputed' means that the authenticity of the document is not challenged."  *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005).

In the instant case, Hindman refers to the Form U2 in at least four paragraphs of the Complaint, and the focus of many of the Complaint's counts is whether Defendants' submission of that form to Hindman's employer, Wachovia, was premature and a wrongful act.  Therefore, the court finds that the Form U2 is indeed central to many of Hindman's claims.  Further, Hindman does not attack the authenticity of the Form U2, but rather, accepts it; he acknowledges that Defendants attached an authenticated copy of the form to their combined motion, and he refers to that attached document repeatedly in his responsive brief, once even citing it by docket number and page. (Pl.'s Resp. Br., doc. 8, at 6, 7, 12, 13).  The court notes, however, that his acknowledgment of the authenticity of Form U2 does not represent an acknowledgment that Form U2 was a valid contract between the parties or that its terms were in force and effect.

Because the Form U4 is central to Hindman's claims and because Hindman does not challenge its authenticity, the court finds that it need not exclude the Form U2, but may consider it as part of the 12(b) process without converting the motion into one for summary judgment.

### 2. Fraud Claims

#### a. The ESF Position - Counts Two (against Allstate) and Six (against McCauley)

In the two counts asserting fraud under Alabama law, Hindman alleges Allstate and

McCauley represented that Allstate "had a need for an ESF in Alabama, and that Plaintiff could do lucrative work in that position." (Compl. doc. 1-3, at ¶¶ 39 & 54). Hindman did indeed subsequently obtain an ESF position with Allstate; thus, his allegations of fraud are not grounded in the failure to obtain the job, but upon the falsity of the representations about the need for an ESF position and how lucrative the job would be.   Hindman alleges that these representations were false and that he reasonably relied upon them to his detriment, characterizing McCauley's state of mind as a wide range from innocent to intentional.   Defendants argue that the statements are mere puffery or opinion and cannot be a basis for fraud.

Under Alabama law, general pleading standard increase when a plaintiff alleges fraud as a cause of action; Rule 9(b) requires that a plaintiff asserting fraud state "the circumstances constituting fraud . . . with particularity."  Ala. R. Civ. P. 9(b).  Thus, a plaintiff must establish a claim of fraud by alleging with particularity that the defendant made "(1) a false representation (2) of a material existing fact; (3) reasonably relied upon by the plaintiff  (4) who suffered damage as a proximate consequence of the misrepresentation."  *Waddell & Reed, Inc. v. United Investors Life Ins. Co.*, 875 So. 2d 1143, 1160 (Ala. 2003).  The "foundation stone" of a cause of action for fraud is the representation of a material, existing fact.  *Lawson v. Cagle*, 504 So. 2d 226, 228 (Ala. 1987).  Normally, a statement of opinion or a prediction about future events does not constitute a material, existing fact, and cannot form the basis of a fraud claim.  *Id.* at 227. "Analysis turns 'upon all the circumstances of the particular case, such as the form and subject matter of the representation and the knowledge, intelligence and relation of the respective parties.'" *Shutter Shop, Inc. v. Amersham Corp.*, 114 F. Supp. 2d 1218, 1227 (M.D. Ala. 2000) (quoting *Harrell v. Dodson*, 398 So. 2d 272, 274-75 (Ala. 1981) (citations omitted)).

This court agrees with Defendants that any general statements McCauley allegedly made about Hindman's ability to do lucrative work for Allstate in the future would fall within the category of mere puffery or opinion; do not involve a material, existing fact; and cannot form the basis of a claim for fraud. *See, e.g., Wade v. Chase Manhattan Mortg. Corp.,* 994 F. Supp. 1369, 1382 (N.D. Ala. 1997*)* (stating that "[w]hile a salesman cannot legally misrepresent actual facts in a presentation, statements that are simply opinions of the . . . job's future opportunities cannot provide the basis for a fraud claim"); *Cruse v. Coldwell Banker,* 667 So. 2d 714, 715-16 (Ala. 1995) (real estate broker's statement that a house was "better than other houses in the neighborhood" and that plaintiffs would enjoy "years of convenient, trouble-free living" in the house were predictions of the future and opinions that would not support a fraud claim).   To the extent that Hindman is basing his fraud claim on more specific promises that McCauley may have made detailing how lucrative the job would be, Hindman runs afoul of the particularity rule; Hindman should have stated any such promises in his Complaint with particularity, as both Alabama court rules and the Federal Rules of Civil Procedure require.  *See Henderson v. Washington Nat'l Ins. Co.,* 454 F.3d 1278, 1283-84 (11th Cir. 2006) (citing Ala. R. Civ. P. 9(b)). In any event, the allegation of fraud based on the vague statement that "Plaintiff could do lucrative work" cannot support a fraud claim.  The court finds that the motion to dismiss is due to be GRANTED as to fraud allegations in Counts Two and Six based on this statement.

Hindman also alleges that McCauley's representation regarding Allstate's need for an ESF constitutes fraud.  Defendants argue that McCauley's statement merely represented his opinion and cannot constitute fraud, but Hindman asserts that whether a need existed at the time of the representation was a material, existing fact measured by how many households the Allstate

9

financial advisor served.  Who wins this argument depends in part upon an understanding of Allstate's EFS position, which means that this issue is not appropriately addressed at this stage; evidence regarding that issue can be presented at summary judgment.  Accordingly, the court finds that the motion to dismiss is due to be DENIED as to fraud allegations in Counts Two and Six based on this statement.

> b. *Fraud based on McCauley's Alleged Promise to Withhold Submission of Forms - Count Six against McCauley Only*

In the fraud count against McCauley, Hindman further alleges that McCauley falsely promised Hindman that he would not contact Wachovia or submit Hindman's forms until Hindman instructed him to do so.   Defendants argue that McCauley's alleged false promise is insufficient to state a claim because "promissory fraud" requires an allegation of present intent to deceive, something Hindman's Complaint does not specifically allege.  Hindman responds that the Complaint's allegation in ¶ 56 of Count Six that McCauley's fraudulent conduct "was carried out in a malicious manner" satisfies that element of promissory fraud.

Promissory fraud, based upon a promise to act or not to act in the future, carries with it a heavier burden than fraud based upon a material, existing fact; it includes all of the other elements of fraud plus two additional elements: at the time of the misrepresentation, Defendant must have had (1) "the intention not to perform the act promised"; and (2) "an intent to deceive." *Southland Bank v. A & A Drywall Supply Co.*, 21 So. 3d 1196, 1209 (Ala. 2008) *cert denied sub nom*. *Anderson v. Southland Bank*, 130 S. Ct. 275 (2009); *see* Ala. Code § 6-5-104 (1974).  The court finds that Hindman does not sufficiently allege facts supporting a claim for promissory fraud. As Hindman points out in his responsive brief, his Complaint does allege that McCauley's

actions at some point were malicious; however, to successfully allege promissory fraud, Hindman must specify that the requisite state of mind was present *at the time he made the promise*.  He does not so allege.  Further, under *Iqbal*, merely stating a legal conclusion would not be sufficient to withstand a motion to dismiss.  *Iqbal*, 129 S.Ct. at 1949-50.

Although Hindman's Complaint does not specifically allege that, at the time of his promise, McCauley intended to deceive him and did not intend to perform the act promised, Hindman nevertheless attempts to establish these elements by cobbling together different statements in the Complaint that could imply such intentions.  He argues that paragraph 8 of the Complaint contains an alleged  fact that would "demonstrate a possible motive" to deceive  (Pl.'s Resp. Br. Doc. 8, at 6): "Allstate required [McCauley] to meet Financial Services and EFS appointment plans in his assigned geographic area."  (Compl. doc. 1-3, at 10).  Hindman further argues that submission of Hindman's paperwork in 2007 despite his promise to Hindman would boost McCauley's 2007 EFS appointment numbers and would explain why McCauley might have never intended to keep his promise.

If Hindman truly wanted to allege an intent to deceive and intent not to perform contemporaneous with the promise and use this particular fact as support, he should have expressly done so in the Complaint instead of in his brief.  Rule 8 does not require either Defendants or this court to read a plaintiff's mind and assume the existence of elements – such as intent to deceive and intent not to perform – that are not specifically alleged in the Complaint itself.  Nor does Rule 8 require speculation over scenarios where each fact in the Complaint's statement of fact section could possibly support a naked assertion listed several pages later.  Moreover, where Rule 9 applies, as it does here to fraud allegations, a plaintiff's obligation to

plead with particularity is heightened.  Hindman should state each element of a cause of action and support them with sufficient factual allegations.  He failed to do so.

In sum, Hindman has failed to sufficiently allege elements of promissory fraud – that at the time of the promise, McCauley intended to deceive him and never intended to perform the promised act.  Consequently, the court finds that the motion to dismiss the claim for promissory fraud based upon McCauley's alleged promise to withhold submission of forms set forth in Count Six is due to be GRANTED.

### 3.  Count Three Asserting Negligent Training/Supervision against Allstate

In Count Three of the Complaint, Hindman alleges that Allstate negligently trained/supervised McCauley.  To state a claim of negligent supervision under Alabama law, a plaintiff must allege sufficient facts that, if accepted as true, support the following elements: "(1) the employee committed a tort recognized under Alabama law, (2) the employer had actual notice of this conduct or would have gained such notice if it exercised due and proper diligence, and (3) the employer failed to respond to this notice adequately." *Shuler v. Ingram & Assocs.,* _____ F. Supp. 2d _____, No. 08-1238, 2010 WL 1838626, at *10 (N. D. Ala. May 7, 2010) (quoting *Edwards v. Hyundai Motor Mfg. Ala., LLC,* 603 F. Supp. 2d 1336, 1357 (M. D. Ala. 2009)). When the negligent supervision claim is based upon the employee's alleged general incompetence, a plaintiff must allege that the master had notice of its agent's incompetence. *Voyager Ins. Co. v. Whitson*, 867 So. 2d 1065, 1073-71 (Ala. 2003).  Alabama courts do not make a distinction between claims of negligent *training* and those of negligent *supervision*. *Southland Bank*, 21 So. 3d at 1215 n. 17.

In the instant case, Hindman's Complaint does not state a *prima facie* case for negligent

supervision.  It does not, for example, state facts supporting an allegation that Allstate had notice

of McCauley's incompetence or wrongful act(s).  Although Hindman acknowledges in his

response that the Complaint does not include allegations that Allstate knew or should have

known of McCauley's incompetence (*see* Pl.'s Resp. doc. 8, at 9), he argues that the Complaint is

nevertheless sufficient because it provides Defendants with adequate notice of his negligent

supervision claim.  Applying the Supreme Court's careful instructions on Rule 8 pleading

standards, Hindman's argument fails.  To state a plausible claim for relief that would survive a

motion to dismiss, he cannot merely rely on Count Three's label of "Negligent

Training/Supervision" or the conclusion asserted in that count, unsupported by any facts, that

Allstate failed to properly supervise its agent.  *See Iqbal*, 129 S.Ct. at 1949-50 (finding that Rule

8 requires more than "labels and conclusion," "a formulaic recitation of the elements of a cause

of action," "naked assertion[s] devoid of further factual enhancement").  Rather,  he must allege

"sufficient factual matter, accepted as true," to support each element of the cause of action.  *See*

*id.* at 1949.  He has failed to do so.  Consequently, Hindman did not state a plausible claim for

relief on his claim against Allstate of negligent supervision under Alabama law, and the court

finds that the motion to dismiss is due to be GRANTED as to Count Three.

### 4.  Negligence Asserted against Allstate (Count Four) and McCauley (Count Seven)

The court disagrees with Defendants' argument that the text of Form U4 necessarily

negates any duty that Allstate or McCauley owed to him regarding exercising care in the timing

of its submission.  If – as Hindman asserts – both McCauley on behalf of Allstate and Hindman

understood that the Form U4 was not yet in effect despite Hindman's signature and would not be

in effect until Hindman gave permission for the form to be processed, and Hindman never gave

that permission, the written form would not memorialize a meeting of the minds.  The evidence will reflect whether Hindman's assertions are true, and whether the Form U4 represents an agreement between the parties.  However, at the motion to dismiss stage, Defendants cannot rely on the statements in the Form U4 – which may or may not have been in effect – to negate a duty and bar the negligence claims.  The court finds that the motion is due to be DENIED as to Counts Four and Seven.

### 5.  The Tort of Intentional Interference with Business or Contractual Relations Asserted in Count Five (against Allstate) and Count Eight (against McCauley)

In Counts Five and Eight, Hindman alleges that Allstate and McCauley intentionally interfered with his business relations with Wachovia when they prematurely submitted the employment verification form.  To state a claim for intentional interference with business or contractual relations, a plaintiff must allege sufficient facts that, accepted as true, support  "1.  The existence of a contract or a business relation; 2.  The defendant's knowledge of the contract or business relation; 3.  Intentional interference by the defendant with the contract or business relation; 4.  The absence of justification for the defendant's interference; and 5.  Damage to the plaintiff as a result of the defendant's interference."  *Walls v. State Farm Mut. Auto Ins. Co.*, 984 So. 2d 412, 414 (Ala. 2007).  The court finds that Hindman has sufficiently alleged those elements, and that the motion is due to be DENIED as to Counts Five and Eight.

### IV.  CONCLUSION

For the reasons stated above, the court finds that the motion for more definite statement as to Count One is due to be GRANTED and that the motion to dismiss the remaining counts is due to be GRANTED in part and DENIED in part, as further explained above.  The court will

14

enter a separate Order contemporaneously.

DONE and ORDERED this 1st day of July, 2010.

KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE